```
                                                      U.S. DISTRICT COURT
                                                      DISTRICT OF VERMONT
                                                            FILED
              UNITED STATES DISTRICT COURT
                      FOR THE                         2025 JUN 16 AM 10:35
                DISTRICT OF VERMONT
                                                            CLERK
                                                      BY_____
                                                           DEPUTY CLERK
```

TRAILSEDGE OWNERS              )
ASSOCIATION, INC.,             )
    Plaintiff,                )
                               )
    v.                         )   No. 2:23-cv-00090
                               )
NED SKI ASSOCIATES, LLC,       )
LAUDON ASSOCIATES, INC.,       )
ESTATE OF DONALD A. KLEPACKI,  )
LAUREL G. KLEPACKI,            )
JOSEPH KLEPACKI, and BLUE MOON )
DESIGN ARCHITECTURAL           )
DESIGN, LLC,                   )
    Defendants/Third-Party Plaintiffs, )
                               )
    v.                         )
                               )
MIKE JARVIS, DENNIS RAWSON,    )
MIKE DAVIS, STEVE DOSTAL,      )
PAUL DLUBAC, III[1]            )
HAMILTON CONSTRUCTION, LLC,    )
STEVENS ROOFING & SIDING,      )
SPRAGUE STONEWORK              )
d/b/a VERMONT STONEWORK, SVT   )
MASONRY, LLC, and              )
CHRIS BARNEY MASONRY,          )
    Third-Party Defendants.    )

### ORDER GRANTING THIRD-PARTY DEFENDANT PAUL DLUBAC, III'S MOTION TO DISMISS
(Doc. 113)

    Defendants and third-party plaintiffs NED Ski Associates LLC ("NED"), Laudon Associates, Inc. ("Laudon"), Estate of Donald A. Klepacki, Laurel G. Klepacki and Joseph Klepacki (collectively "Third-Party Plaintiffs") are alleged in the instant action to have constructed

---

[1] The Clerk's Office is respectfully requested to change the docket sheet to reflect the proper spelling of Paul Dlubac, III as contained in the Amended Third-Party Complaint. (Doc. 109.)

Trailsedge on Mount Snow ("Development") in a defective manner. They filed an Amended Third-Party complaint on October 24, 2024, bringing claims against multiple third-party defendants including Paul Dlubac, III ("Dlubac"). (Doc. 109, ¶ 10.) Dlubac has filed a motion to dismiss the claims against him. (Doc. 113.)

### I. Facts Alleged in the Amended Third-Party Complaint[2]

Trailsedge Owners Association, Inc. ("Plaintiff" or "Association") is a non-profit corporation. (Doc. 1, ¶ 1.) It is comprised of and represents the unit owners in Trailsedge on Mount Snow ("Development"). (*Id.* ¶ 2.) Third-Party Plaintiffs NED, Laudon and Laurel Klepacki, and Donald A. Klepacki ("Developers and Builders") began construction of the Development in 2010. (*Id.* ¶ 38.) In the same year, the Developers and Builders marketed the units in the Development, making express representations about the quality of the construction. (*Id.* ¶ 36.) The marketing materials included:

> detailed construction specifications concerning the foundation, carpentry, siding, exterior trim, decking, interior trim, roofing, thermal and moisture protection, doors and windows, finishes, painting, fireplace, mechanical heating system, plumbing, electrical, ventilation, phone system, finish schedule for the flooring, plumbing fixture, countertops, prom wall floor, plumbing fixtures, countertops, kitchen cabinets and appliances, which were "subject to change" with substitutes "of better or equal quality."

(*Id.* ¶ 37.)

On or about May 31, 2011, May 1, 2012, and April 1, 2013, Third-Party Plaintiff Laudon, the contractor, entered into a contract with Dlubac for "work on the buildings in the Development including, but not limited to, framing, siding and interior trim." (Doc. 109, ¶ 54.) "The contract

---

[2] The Amended Third-Party Complaint states that "[t]he allegations underlying these third-party claims are those set forth in plaintiff's Complaint, attached hereto as Exhibit A." (Doc. 109, ¶ 17.) There was no Exhibit A attached to the Amended Third-Party Complaint. The court refers to Exhibit A that is attached to the initial Third-Party Complaint. (*See* Doc. 45 at 20.) Exhibit A of the initial Third-Party Complaint is the original Complaint filed on May 12, 2023. (Doc. 1.)

2

provided an indemnity and hold-harmless provision for all losses, damages, [and] expenses including attorney's fees arising out of or resulting from its work." (*Id.* ¶ 55.)

In October 2017, control of the Association was turned over to the unit owners. (Doc. 1, ¶ 27.) In November 2019, the Association discovered latent defects in the design and construction of the exterior walls of one of the buildings in the Development "when the faux stonework began to fall off." (*Id.* ¶ 51.) Following this discovery, the Association had inspections performed on all of the buildings in the Development. (*Id.* ¶ 55.) "The inspections identified defects with exterior walls, the decks, windows and doors, roofs, and fireplace chimneys in all of the Buildings in the Development." (*Id.* ¶ 56.) The inspections uncovered other deficiencies and defects involving roads and stormwater infrastructure that are not relevant to the claims against Dlubac. (*Id.* ¶¶ 57-58.)

The poor construction resulted in "substandard conditions and defects and deficiencies in the Development." (*Id.* ¶ 67.) Specifically, the deficiencies in the siding were said to be the following:

i. Masonry – veneer installed in a manner inconsistent with manufacturer's instructions or industry standards and failed to protect the structural elements of the Buildings;
ii. Wood – absent or improper house wrap installation, flashing and sheathing causing extensive water damage, rotting and failed to protect the structural elements of the Buildings.

(*Id.* ¶ 67(a).) Additionally, there was "[m]issing and inconsistent framing" for the decks. (*Id.* ¶ 67(b).)

**II. Background**

Plaintiff filed the initial Complaint on May 12, 2023 against Third-Party Plaintiffs, among others. (Doc. 1.) On June 21, 2023, the First Amended Complaint was filed. (Doc. 13.) On April 15, 2024, both the Second Amended Complaint and the initial Third-Party Complaint were filed.

3

(Doc. 44; Doc. 45.) The Amended Third-Party Complaint ("Third-Party Complaint") was filed on October 24, 2024. (Doc. 109.) The Third-Party Complaint raises two claims against Dlubac. Count IX alleges breach of contract and asserts in relevant part:

> to the extent such damages relate to any work done by Dlubac as part of the construction of the Development and the third-party plaintiffs are found liable on such claims asserted in the Complaint, such liability is the direct and proximate result of Dlubac's breach of contract and the third-party plaintiffs are entitled to recover said damages from Dlubac.

(*Id.* ¶ 52.) Count X alleges express indemnification and claims in relevant part:

> to the extent such damages relate to any work done by Dlubac as part of the construction of the Development and the third-party plaintiffs are found liable on such claims asserted in the Complaint, Dlubac is legally bound to indemnify said third-party plaintiffs for any liability and damages.

(*Id.* ¶ 56.) Dlubac argues the two claims against him should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 113 at 3); Fed. R. Civ. P. 12(b)(6).

### III. Legal Standard

When presented with a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all factual allegations included in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "A motion to dismiss a counterclaim, third-party claim, and cross-claim is evaluated under the same standard as a motion to dismiss a complaint." *Kitchen Winners NY Inc. v. Rock Fintek LLC*, 668 F. Supp. 3d 263, 282 (S.D.N.Y. 2023) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plausible claim includes factual allegations that permit the court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A plaintiff is required to allege enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "While it is true that the pleading standards may be 'lessened somewhat for third-party claims, which may be read in conjunction with the original pleadings . . . third-parties seeking indemnification or contribution must still set forth enough facts to state a claim to relief that is plausible on its face.'" *Cubilete v. United States*, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020) (quoting *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016)). "While the complaint need not state with precision all elements giving rise to a legal basis for recovery, it should contain either direct or indirect allegations (from which inferences can be made) on every material point necessary to sustain recovery on any legal theory." *Toberman v. Copas*, 800 F. Supp. 1239, 1243 (M.D. Pa. 1992).

## IV. Legal Analysis

### A. Breach of Contract

Third-Party Plaintiffs' breach of contract claim asserts that, to the extent Third-Party Plaintiffs are found liable for the work of Dlubac, Dlubac shall be liable to Third-Party Plaintiffs. (Doc. 109, ¶ 52.) Without more, this would be insufficient to state a claim. *See Energy Brands, Inc. v. Jorgensen*, No. 09-CV-591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (finding cross-claim alleging defendant was entitled to indemnification or contribution from co-defendants if defendant found liable, with no additional facts alleged, failed to meet Rule 8 pleading standard).

In this case, however, the Third-Party Complaint incorporates the facts contained in the underlying initial complaint. Taken together, the facts alleged, which the court accepts as true for purposes of this motion, include that siding was "installed in a manner inconsistent with manufacturer's instructions or industry standards and failed to protect the structural elements of the Buildings," the decks had "[m]issing and inconsistent framing," and Third-Party Plaintiffs and Dlubac entered into three contracts for "work on the buildings in the Development[] including, but not limited to, framing, siding and interior trim." (Doc. 1, ¶¶ 67(a)(i), (b)(ii); Doc. 109, ¶¶ 51, 54.) The inquiry, therefore, is whether these facts are sufficient to support a claim for relief.

Even assuming each of these facts to be true, they are insufficient to state a claim for relief. The Third-Party Complaint brings claims against several Third-Party Defendants, many of whom were contracted to work on siding. (Doc. 109, ¶¶ 6-15.) Third-Party Plaintiffs make the conclusory statement that Dlubac is responsible for the deficiency in the work but provide no facts to support this assertion. There are no allegations outlining what specific actions Dlubac took, or failed to take, which were in breach of the contract. *See Sands Harbor*, 156 F. Supp. 3d at 361 (finding cross-claim which references complaint but does not contain independent fact demonstrating co-defendant's indemnification obligation is insufficient). Without such basic facts, the claim cannot survive a motion to dismiss as it fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Third-Party Complaint does not nudge the Third-Party Plaintiff's claim "across the line from conceivable to plausible." *See id.* at 570. Therefore, this is not a sufficient pleading and Dlubac's motion to dismiss Count IX must be granted.

### B. Express Indemnification

Similar to the breach of contract claim, Third-Party Plaintiffs' express indemnification claim asserts that, to the extent Third-Party Plaintiffs are found liable for the work of Dlubac, Dlubac is legally bound to indemnify Third-Party Plaintiffs. (Doc. 109, ¶ 56.) Third-Party Plaintiffs' claim of express indemnification against Dlubac fails to "set forth actions taken by [Dlubac] that would give rise to a claim of indemnification . . . . Such bare bones conclusory allegations of liability are insufficient to meet Rule 8 pleading requirements post-*Iqbal*." *Energy Brands, Inc. v. Jorgensen*, 2011 WL 282354 at *7 (W.D.N.Y. 2011). Accordingly, Dlubac's motion to dismiss Count X must be granted.

### V. Leave to Amend

Third-Party Plaintiffs are granted leave to amend the Amended Third-Party Complaint (Doc. 109) by July 8, 2025. If Third-Party Plaintiffs fail to file an amended complaint, these claims will be dismissed without prejudice.

### VI. Order

For the foregoing reasons, Dlubac's Motion to Dismiss the Third-Party Complaint as it relates to Count IX and Count X against Dlubac (Doc. 113) is hereby GRANTED. Third-Party Plaintiffs are granted leave to amend the Third-Party Complaint no later than July 8, 2025.

DATED at Rutland, in the District of Vermont, this 16th day of June 2025.

Mary Kay Lanthier
United States District Judge