UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 16 PM 12: 09

CLERK

BY_____
DEPUTY CLERK

TRAILSEDGE OWNERS ASSOCIATION,        )
INC.,                                 )
    Plaintiff,                        )
                                      )
    v.                                )
                                      )
NED SKI ASSOCIATES, LLC, LAUDON       )
ASSOCIATES, INC., ESTATE OF DONALD    )
A. KLEPACKI, LAUREL G. KLEPACKI,      )
JOSEPH KLEPACKI, and BLUE MOON        )
DESIGN ARCHITECTURAL DESIGN, LLC,     )
    Defendants,                       )    Case No.: 2:23-cv-90
                                      )
    v.                                )
                                      )
MIKE JARVIS, DENNIS RAWSON,           )
MIKE DAVIS, STEVE DOSTAL, PAUL        )
DLUBAC, III, HAMILTON CONSTRUCTION,)
LLC, STEVENS ROOFING & SIDING,        )
SPRAGUE STONEWORK d/b/a VERMONT       )
STONEWORK, SVT MASONRY, LLC, and      )
CHRIS BARNEY MASONRY,                 )
    Third-Party Defendants.           )

## ORDER
(Doc. 344)

Defendants and Third-Party Plaintiffs NED Ski Associates, LLC, Laudon Associates, Inc.,

the Estate of Donald A. Klepacki, Laurel G. Klepacki, and Joseph Klepacki ("the Laudon Parties")

move to consolidate *Trailsedge Owners Association, Inc. v. NED Ski Associates, LLC*, No 2:23-

cv-90 ("the Underlying Action") and *Atain Specialty Insurance Co. v. NED Ski Associates, LLC*,

No. 2:25-cv-610 ("the Coverage Action") for the purpose of a consolidated Early Neutral

Evaluation ("ENE"). (Doc. 344.) Blue Moon Design Architectural Design, LLC objects to being

required to participate because it is not a party to the Coverage Action, has already participated in

ENE in the Underlying Action, and contends that any renewed ENE attendance should occur only if the Laudon Parties pay Blue Moon's associated fees and costs. (Doc. 346 at 2–3.)

**Analysis**

**I.     Whether the Court Should Order a Consolidated ENE**

When "actions before the court involve a common question of law or fact," the court may "join for hearing or trial any or all matters at issue in the actions," "consolidate the actions," or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)–(3). A district court has "broad discretion to determine whether consolidation is appropriate," and the court should consider whether the risks of prejudice or confusion are outweighed by the risk of inconsistent adjudications, the burden on parties, witnesses, and judicial resources, the time required to resolve multiple cases, and the relative expense to all concerned. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Although *Johnson* specifically addressed consolidation, Rule 42(a)(3) separately authorizes "any other orders to avoid unnecessary cost or delay." Courts have recognized that Rule 42(a) authorizes limited case-management orders short of full consolidation. *See Katz v. Marex Group PLC*, 818 F. Supp. 3d 591, 602 (S.D.N.Y. 2026) (coordinating related actions "for discovery and case management purposes"); *Deutsche Bank Nat'l Tr. Co. v. WMC Mortg., LLC*, Civil Action Nos. 3:12–cv–933 (CSH), 3:12–cv–969 (CSH), 3:12–cv–1699 (CSH), 3:13–cv–1347 (CSH)., 2014 WL 3824333, at *3 (D. Conn. Aug. 4, 2014) (acknowledging that consolidation limited to discovery purposes falls under Rule 42(a)); *Shakhnes v. Eggleston*, 740 F. Supp. 2d 602, 609 (S.D.N.Y. 2010) (consolidating related actions solely for purposes of one opinion), *aff'd in part, vacated in part on other grounds sub nom. Shakhnes v. Berlin*, 689 F.3d 244 (2d Cir. 2012); *Purisima v. Tiffany Ent.*, Nos. 09–CV–3502 (NGG), 11–CV–1919 (NGG), 11–CV–2381 (NGG),

2

11–CV–2967 (NGG)., 2011 WL 2972118, at *3 (E.D.N.Y. July 20, 2011) (same). Although none of these cases specifically address a consolidated ENE, they support a flexible reading of Rule 42(a) in which courts may use limited coordination short of full consolidation when related actions share common questions and coordination may avoid unnecessary cost or delay.

The District of Vermont's Local Rules also support the interpretation that the court has discretion to structure proceedings, including mandatory ENE, to avoid unnecessary cost and delay. Local Rule 16.1 establishes ENE as a court-administered settlement process and requires participation by parties, corporate representatives with settlement authority, insurance representatives with settlement authority, and counsel. L.R. 16.1(c), (g). The rule permits a person to seek excusal only on a showing of undue hardship, L.R. 16.1(g)(3), and it contemplates that ENE may require additional proceedings, including supplemental reporting after an ENE session, L.R. 16.1(k). And the District of Vermont has previously ordered parties to attend a second ENE as part of its case management. *See McLean v. Air Methods Corp.*, No. 1:12-CV-241-jgm., 2014 WL 2327045, at *5 (D. Vt. May 29, 2014).

## A. Whether the Actions Share a Common Question of Law or Fact

The Underlying Action and Coverage Action share common factual questions sufficient to satisfy Rule 42(a). Atain's coverage theories depend on facts being litigated or developed in the Underlying Action. For example, Atain alleges there is no coverage under certain policies because property damage was known before the relevant policy periods; that Laudon, NED Ski, and the Klepackis knew of roof and ice-damming issues no later than 2014; and that they knew of additional alleged defects no later than November 2019. (Coverage Action Doc. 1 at 1, ¶ 1; 6–10, ¶¶ 25–34; 22, ¶¶ 57–60; 26, ¶¶ 84–88.) Those allegations overlap with the Underlying Action's allegations regarding the timing and discovery of the alleged defects, including ice dams and leaks, the 2014 roof "Fix," and the November 2019 engineering analysis. (Underlying Action Doc. 44

3

at 8–9, ¶¶ 50–61.)   Atain also raises coverage issues concerning whether Trailsedge alleges covered "property damage," whether the claimed damage falls within exclusions for Laudon's or NED Ski's work, and whether other insurance may be available.  (Coverage Action Doc. 1 at 11–15, ¶ 38; 21, ¶ 49; 24–25, ¶¶ 70–75; 28, ¶¶ 104–105.)  In short, the two cases address the same core factual questions: what damage occurred, when it occurred, what caused it, which work or conduct contributed to it, which parties knew of it and when, and how responsibility and damages should be allocated among the parties.

Blue Moon is correct that the two cases present different legal claims: the Underlying Action concerns liability for alleged construction defects, while the Coverage Action concerns insurance obligations.  Rule 42(a), however, only requires a common question of law or fact, not identical legal claims.  Fed. R. Civ. P. 42(a).  Because the coverage issues depend in part on the same facts at issue in the Underlying Action, the difference in legal theories does not defeat limited coordination for settlement purposes.

**B.  Whether Consolidation Is Likely to Avoid Unnecessary Cost or Delay**

Requiring Blue Moon to attend the consolidated ENE is also consistent with the purpose of Rule 42(a).  Blue Moon remains a defendant in the Underlying Action.  (Doc. 346 at 1–3.)  The Laudon Parties state (and Blue Moon has not disputed) that the consolidated ENE is intended to facilitate a global settlement of the Underlying Action and related coverage disputes.  (Doc. 344 at 4.)  Without all parties present, the ENE attendees will be unable to evaluate liability, causation, damages allocation, and coverage.  Blue Moon's absence could therefore reduce the likelihood of a comprehensive settlement because other parties and insurers may condition their positions on the relative responsibility of all participants in the Underlying Action.  (*See id.*)  That is precisely the kind of unnecessary cost or delay Rule 42(a) permits the court to address through a limited consolidation order.

4

Blue Moon's participation in an earlier ENE does not require a different result. Blue Moon objects to being required to attend a second ENE. (Doc. 346 at 2–4.) The present ENE, however, is materially different from the earlier ENE because it is designed to include both the Underlying Action and the Coverage Action and to address settlement in light of the coverage issues now before the court. The Local Rules do not limit a case to a single ENE. Instead, they provide a framework for ENE attendance, excusal, confidentiality, compensation, and supplemental reporting. L.R. 16.1(c), (d), (g), (k).

Additionally, Blue Moon's nonparty status in the Coverage Action does not make its attendance improper—Blue Moon remains a party to the Underlying Action, and the relief ordered here is limited to participation in a settlement process for related actions with common factual questions. The Supreme Court has held that even consolidation for trial does not erase the separate identity of each action or deprive parties of any substantive rights because "actions do not lose their separate identity because of consolidation." *See Hall v. Hall,* 584 U.S. 59, 76–77 (2018) (citation modified). The court will therefore require Blue Moon to participate in the ENE without making Blue Moon a party to the Coverage Action or requiring the Coverage Action and Underlying Action to proceed as a single case going forward.

## II.   Whether the Laudon Defendants Should Pay Blue Moon's Costs

Blue Moon requests that, if it is required to attend a second ENE, the Laudon Parties be ordered to pay Blue Moon's ENE-related fees, corporate time, and attorney's fees. (Doc. 346 at 4.) As discussed above, the court requires Blue Moon to attend the consolidated ENE because Blue Moon's participation is reasonably likely to make a global settlement process meaningful and therefore avoid unnecessary cost and delay. Because Blue Moon has already participated in a mandatory ENE process in the Underlying Action, the court finds it equitable for the Laudon Parties to bear Blue Moon's reasonable fees and costs associated with attending the consolidated

ENE (subject to review for reasonableness and adequate documentation). Blue Moon shall file an appropriately supported application for fees and costs within fourteen days after completion of the ENE. The Laudon Parties may file any response within fourteen days after Blue Moon's application is filed.

## III.    Whether the Scheduling Order Should Be Extended

Trailsedge does not oppose holding a consolidated ENE—it instead opposes vacating the current discovery schedule and requiring the parties to submit a new stipulated discovery schedule after the ENE. (Doc. 347 at 2.) Trailsedge argues that Defendants are entitled only to limited additional discovery, which can be completed within forty-five days after the court rules on the pending motion to compel and motion to extend the discovery schedule, leaving sufficient time for summary judgment briefing before the consolidated ENE. (*Id.*) The Laudon Parties disagree with Trailsedge regarding the amount of discovery needed, but they request permission to file a post-ENE report identifying any need for further discovery extensions if the consolidated ENE does not result in a global settlement. (Doc. 348 at 5.) The court addresses the current discovery schedule in a separate order. If the consolidated ENE does not result in a global settlement, the Laudon Parties may file a post-ENE report addressing whether further discovery extensions are necessary and, if so, the basis for any requested modification.

## Conclusion

For these reasons, the Laudon Parties' Motion to Join Coverage Action with Underlying Action for ENE and to Extend Scheduling Orders (Underlying Action Doc. 344; Coverage Action Doc. 63) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED to the extent it seeks to require Blue Moon's participation in the consolidated ENE and to the extent the Laudon Parties seek leave to file a post-ENE report addressing any asserted need for further discovery extensions if the ENE does not result in a global settlement. Any such request must be

supported by a specific showing and must account for the discovery completed under the court's separately docketed orders addressing Blue Moon's motion to compel and various parties' requests to stay or extend the discovery schedule. Blue Moon shall participate in good faith in the consolidated ENE currently scheduled for September 21–22, 2026. The Motion is DENIED without prejudice to the extent it seeks to vacate or extend the current discovery schedule. Blue Moon's request for costs (Doc. 346) is GRANTED IN PART. The Laudon Parties shall bear Blue Moon's reasonable fees and costs associated with attending the consolidated ENE, subject to the post-ENE application procedure set forth above.

DATED at Rutland, in the District of Vermont, this 16th day of July 2026.

Mary Kay Lanthier
United States District Judge