UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JUL 16 PM 12: 09

CLERK

BY_____
DEPUTY CLERK

TRAILSEDGE OWNERS ASSOCIATION, )
INC., )
    Plaintiff, )
)
)
v. )
)
)
NED SKI ASSOCIATES, LLC, LAUDON )
ASSOCIATES, INC., ESTATE OF DONALD )
A. KLEPACKI, LAUREL G. KLEPACKI, )
JOSEPH KLEPACKI, and BLUE MOON )
DESIGN ARCHITECTURAL DESIGN, LLC, )
    Defendants, )            Case No.: 2:23-cv-90
)
)
v. )
)
)
MIKE JARVIS, DENNIS RAWSON, )
MIKE DAVIS, STEVE DOSTAL, PAUL )
DLUBAC, III, HAMILTON CONSTRUCTION,)
LLC, STEVENS ROOFING & SIDING, )
SPRAGUE STONEWORK d/b/a VERMONT )
STONEWORK, SVT MASONRY, LLC, and )
CHRIS BARNEY MASONRY, )
    Third-Party Defendants. )

**ORDER**
(Docs. 295, 297, 301, 310, 319, 320, 344)

The issue before the court is how to modify the schedule in light of the relief ordered on

Blue Moon's motion to compel, the parties' competing scheduling requests, the pending summary

judgment motions, and the broader posture of this case, including the separately ordered

consolidated ENE in the Underlying Action and the related Coverage Action. The court concludes

good cause exists to modify the schedule, but only in a limited and targeted manner.

## Procedural History

This construction-defect action has proceeded under several discovery schedules. The court approved the parties' first stipulated discovery schedule on September 12, 2023. (Doc. 25.) After Defendants/Third-Party Plaintiffs expressed their intention to pursue third-party claims, the court extended discovery and ADR deadlines on March 5, 2024. (Doc. 38.) Defendants/Third-Party Plaintiffs filed their Third-Party Complaint on April 15, 2024. (Doc. 45.) Service on the Third-Party Defendants required additional time, and the discovery schedule was later extended again on September 6, 2024. (Docs. 66, 67, 83, 84.)

Discovery has been substantial. The parties represent that written discovery has produced tens of thousands of pages of documents, that Plaintiff and Defendants have disclosed multiple experts, and that the parties have taken numerous depositions. (*See, e.g.*, Doc. 295 at 3, ¶ 8.) The parties also participated in Early Neutral Evaluation, which did not resolve the case. (*Id.*, ¶ 9.)

The schedule was amended again after disputes arose concerning depositions of Trailsedge representatives. (*Id.*, ¶ 11.) On July 16, 2025, the court issued the operative Second Amended Discovery Schedule, which required fact depositions to be completed by September 12, 2025; third-party expert witness reports to be submitted by October 1, 2025; depositions of third-party expert witnesses to be completed by November 7, 2025; all discovery to be completed by November 7, 2025; motions (including summary judgment motions) to be filed by December 15, 2025; and the case to be ready for trial by January 15, 2026. (Doc. 238 at 2.) In issuing that schedule, the court advised that it would not grant additional extensions without a clear and specific recitation of facts supporting good cause. (*Id.*)

In September 2025, additional disputes arose concerning documents from Trailsedge's property manager, Richard Werner, and W&B Management. Trailsedge represents it discovered

2

on September 9, 2025 that prior productions had omitted one folder of electronic documents provided by W&B Management and that it produced those materials on September 15, 2025. (Doc. 298 at 3–4, ¶¶ 8–10.) On November 4, 2025, Blue Moon Design Architectural Design, LLC filed a motion to compel related to the late-disclosed discovery. (Doc. 291.)

On November 19, 2025, NED Ski Associates, LLC, Laudon Associates, Inc., and the Estate of Donald A. Klepacki moved to extend discovery and ADR deadlines by approximately 150 days. (Doc. 295 at 1, 5.) Defendants/Third-Party Plaintiffs assert the late production, the need for discovery related to Mr. Werner, and questions concerning Trailsedge's document collection required additional discovery and a revised schedule. (*Id.* at 4–5; Doc. 300 at 2–4.) Blue Moon joined that request, stating that additional discovery remained pending and that dispositive motions could not be filed until discovery was complete. (Doc. 297 at 2.)

Trailsedge opposed the requested 150-day extension. Trailsedge argued that the movants failed to comply with Local Rule 7(a)(7), that Defendants caused or contributed to the delays on which they relied, and that the requested extension was overbroad and excessive. (Doc. 298 at 2, 5–8.) Trailsedge nevertheless acknowledged that additional discovery was appropriate as to the newly produced materials and offered to produce Richard Werner and Trailsedge's Rule 30(b)(6) witness for limited depositions concerning those materials. (*Id.* at 7–8.) Defendants/Third-Party Plaintiffs replied that the parties had discussed the scheduling consequences of Trailsedge's late production, that Trailsedge had admitted the need for additional time, and that the proposed extension was necessary to resolve the motion to compel, obtain complete files from Mr. Werner, complete remaining depositions, and complete discovery related to the Third-Party Defendants' expert disclosure. (Doc. 300 at 2–4.)

3

The summary judgment deadline then came into tension with the pending motion to dismiss and the unresolved discovery disputes. Sprague Stonework d/b/a Vermont Stonework moved for clarification because its motion to dismiss remained pending when the December 15, 2025 summary judgment deadline arrived, and Sprague requested thirty days after an order on the motion to dismiss to file a summary judgment motion. (Doc. 301 at 2.) The court later extended the summary judgment deadline to thirty days after decisions on the pending motions to dismiss. (Doc. 304.) After the court ruled on those motions, Laurel G. Klepacki and Joseph Klepacki moved to clarify or stay the summary judgment deadline, explaining that discovery remained at a standstill because the motion to compel and motion to extend the schedule remained pending. (Doc. 310 at 2–3.) NED Ski Associates, Laudon Associates, and the Estate of Donald Klepacki joined that request and asked that the summary judgment deadline be extended until thirty days after completion of pending fact discovery. (Doc. 319 at 2–3.) Third-Party Defendant Paul Dlubac also joined, stating that discovery remained to be completed, including Mr. Werner's deposition, and that summary judgment would be premature before that discovery occurred. (Doc. 320 at 1.)

Notwithstanding the pending scheduling considerations, two parties filed summary judgment motions. Third-Party Defendant Mike Davis filed a motion for summary judgment on February 17, 2026. (Doc. 317.) Third-Party Defendant SVT Masonry, LLC filed a motion for summary judgment the same day. (Doc. 318.) The docket reflects opposition filings, joinders, corrected filings, replies, and related responses concerning those motions. (*See* Docs. 331–343.)

**Discussion**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The court's July 16, 2025 schedule

4

likewise warned that further extensions would require a clear and specific recitation of facts supporting good cause. (Doc. 238 at 2.)

The record establishes good cause for some modification. Trailsedge produced additional W&B/Werner materials after the fact-discovery deadline. In a separate order addressing Blue Moon's Motion to Compel, the court requires Trailsedge to produce JS04082–JS04083; review any other withheld Werner or W&B communications and either produce them or serve a supplemental privilege log; clarify whether it requested or obtained documents from non-Board unit owners; disclose its prior ESI search methodology; and participate in a targeted meet-and-confer process concerning any reasonable supplemental ESI searches. Several parties could not reasonably complete summary judgment briefing on the full record until the targeted discovery authorized by the motion-to-compel order is complete.

The record does not, however, justify the general 150-day extension requested by Defendants/Third-Party Plaintiffs. Trailsedge's late production and the motion-to-compel order warrant limited follow-up discovery, not a wholesale reopening of all discovery. Trailsedge's opposition correctly observes that the requested extension would broadly reopen the schedule even though the remaining discovery identified in the filings is narrower: Werner-related discovery, limited supplemental Rule 30(b)(6) testimony concerning newly produced or compelled materials, and the ESI process ordered in response to Blue Moon's motion to compel. The court's order on the motion to compel grants targeted relief and expressly does not authorize a general reopening of discovery.

Accordingly, the court adopts a schedule tied to completion of the limited discovery authorized by the motion-to-compel order. Within fourteen days of the court's order on the motion to compel, Trailsedge shall complete the production, privilege-log supplementation, unit-owner

5

clarification, and search-methodology disclosure required by that order. Within fourteen days after Trailsedge serves its search-methodology disclosure, the parties shall meet and confer regarding reasonable supplemental ESI searches, as required by the motion-to-compel order. If the parties agree on a supplemental ESI protocol, Trailsedge shall complete any agreed supplemental searches and produce responsive, nonprivileged documents by the date agreed upon by the parties at the meet and confer. If the parties cannot agree, they shall file the joint statement required by the motion-to-compel order within fourteen days after the meet-and-confer, and the court will determine what, if any, supplemental ESI searches are required.

The parties shall complete the deposition of Richard Werner, any supplemental Rule 30(b)(6) deposition of Trailsedge limited to newly produced, compelled, or previously omitted materials, and any deposition questioning reasonably necessary to address documents produced under the motion-to-compel order within forty-five days after Trailsedge completes any supplemental production required by agreement or further court order. If no supplemental production is required, that forty-five-day period shall run from the date of the parties' meet-and-confer. If a joint statement is filed after the meet and confer, that forty-five-day period shall run from the date of the court's ruling on the joint statement. No other fact discovery is authorized absent stipulation approved by the court or further order on a specific showing of good cause.

The court does not reopen expert discovery generally. To the extent any party contends that the targeted discovery authorized above requires narrowly tailored supplemental expert discovery, that party may seek leave within fourteen days after completion of the targeted fact discovery. Any such request must identify the specific expert discovery sought, explain why it could not reasonably have been completed under the prior schedule, and show how it is tied to the newly produced, compelled, or previously omitted materials.

This schedule also resolves the pending motions for clarification regarding summary judgment. The court agrees with the moving and joining parties that summary judgment motions should not be submitted on an incomplete record if the targeted discovery authorized by the motion-to-compel order and this Order may bear on the issues presented. At the same time, because Davis and SVT Masonry have already filed summary judgment motions and those motions have been briefed, the court will not require those parties to refile their motions.

Instead, any party with a pending summary judgment motion may file a supplemental memorandum and supplemental statement of material facts within thirty days after completion of the targeted fact discovery authorized above. Any such supplemental filing must be limited to facts, evidence, or arguments fairly arising from the targeted discovery authorized by this Order or from documents produced under the motion-to-compel order. Responses to any supplemental filing shall be due thirty days after service of the supplemental filing, and replies shall be due fourteen days after service of the response. Parties who have not yet filed a summary judgment motion may file one within thirty days after completion of the targeted fact discovery authorized above. If a party seeks and obtains leave for supplemental expert discovery, the court will address any necessary adjustment to these deadlines in that order.

The court also acknowledges its separate order addressing ENE. In that order, the court requires Blue Moon to participate in the consolidated ENE involving the Underlying Action and the Coverage Action, but the court does not consolidate the actions for trial, merge the pleadings, or vacate the discovery schedule wholesale. The schedule adopted here permits the parties to complete discovery necessary for summary judgment, allows limited supplementation of already filed motions, and permits any remaining summary judgment motions to be filed before the consolidated ENE. If the consolidated ENE does not result in a global settlement, the Laudon

Parties may file the post-ENE report authorized in the ENE order identifying any further scheduling relief they contend is necessary. Any such request must be supported by a specific showing and must account for the discovery completed under this Order.

**Conclusion**

For these reasons, Defendants/Third-Party Plaintiffs' Motion to Extend Discovery and ADR Deadlines (Doc. 295) is GRANTED IN PART and DENIED IN PART. Blue Moon's Notice of Joinder (Doc. 297) is recognized and granted to the same extent. The request for a general 150-day extension and wholesale reopening of discovery is DENIED. The schedule is modified only as set forth in this Order and in the separate order on Blue Moon's Motion to Compel.

Sprague Stonework's Motion for Clarification Regarding the Deadline to File Motions for Summary Judgment (Doc. 301), Laurel G. Klepacki and Joseph Klepacki's Motion for Clarification (Doc. 310), NED Ski Associates, Laudon Associates, and the Estate's Joinder (Doc. 319), and Paul Dlubac's Joinder (Doc. 320) are GRANTED IN PART to the extent they seek clarification that summary judgment deadlines must account for the targeted discovery authorized by this Order.

The pending motions for summary judgment filed by Mike Davis and SVT Masonry, LLC remain pending. (Docs. 317, 318.) Davis and SVT Masonry may file supplemental memoranda and supplemental statements of material facts within thirty days after completion of the targeted fact discovery authorized above. Any such supplemental filing must be limited to facts, evidence, or arguments fairly arising from the targeted discovery authorized by this Order or from documents produced under the motion-to-compel order. Responses to any supplemental filings shall be due thirty days after service, and replies shall be due fourteen days after service of the response. Any party that has not yet filed a summary judgment motion may file one within thirty days after

8

completion of the targeted fact discovery authorized above. The request to modify ADR deadlines is addressed in the court's separate order concerning the consolidated ENE.

DATED at Rutland, in the District of Vermont, this 16th day of July 2026.

Mary Kay Lanthier
United States District Judge